**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  06-CV-01262-EWN-CBS

PALMETTO INDUSTRIES INTERNATIONAL, INC.,
a Georgia corporation,

      Plaintiff,

v.

DANIEL WOLFE,

      Defendant.

_____

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**
_____

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and insure that confidentiality is afforded to material so entitled, it is, pursuant to the court's authority under Fed.R.Civ.P. 26(c), hereby ORDERED:

1. <u>Non-Disclosure of Confidential Documents and Information</u>.  Except with the prior written consent of the producing party or other producing person originally designating a document as confidential, no document that is stamped or otherwise identified as confidential in a way that brings its attention to a reasonable examiner, or the information contained therein, may be used for any purpose other than the conduct of this litigation, or used or disclosed to any person except as provided herein.  Individuals authorized to review confidential information pursuant to this Order shall hold such information in the strictest confidence, and shall not use and shall not divulge the information, either

1

      verbally or in writing to any other person, entity, government agency unless ordered to do so by a court of competent jurisdiction.

2. As used in this Order, a "confidential document" means any document that bears the legend (or which shall otherwise have recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" or bears a similar legend to signify that it contains "confidential material entitled to protection" (as defined in paragraph 5 below).

3. As used in this Order "protected" material, documents or information means confidential documents, including but not limited to originals, copies, extracts, and summaries thereof.

4. For purposes of this Order, the term "document" means all written, recorded, or graphic material stored or embodied in any media, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs may be accorded the same protection as a confidential document, but shall be prepared in such a manner that the protected information is prominently marked "CONFIDENTIAL".

5. <u>Confidential Material Entitled to Protection</u>.  A party or other person shall designate for confidential treatment only documents, items or information which the party believes in good faith contains personal or commercial material which is unavailable to the public and not readily available from other sources, and is treated by that party or person as confidential and not disclosed to others, the disclosure of which to that parties or person's competitors or third parties reasonably could result in detriment to the designating party or person or the subject of the information disclosed.

6. <u>Permissible Use and Disclosures</u>.  All documents, material and information produced in this litigation may be used and/or disclosed only in a reasonable manner and in connection with this litigation.

    (a) Subject to the provisions of subparagraph (b), confidential documents and information may be used only in connection with this litigation and may be disclosed only to:

        (i) outside counsel for the parties who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, legal assistants, and employees of such attorneys to the extent reasonably necessary to render professional services; and to court officials involved in this litigation (including court reporters or persons operating video recording equipment at depositions);

        (ii) current employees of the names parties, including in-house counsel of the parties;

        (iii) any person designated by the Court in the interest of justice, who has a legitimate need to know the information, upon such terms as the Court may deem proper;

        (iv) witnesses who either authored or were sent the confidential information contained in such documents, as evidenced on the face of the document;

        (v) party and non-party witnesses at deposition and to the witnesses' counsel at deposition, to the extent counsel determines in good faith that such disclosure is reasonably necessary to examine such witnesses; and,

      (vi)    outside consultants or experts retained for the purpose of assisting counsel in this litigation.

(a) However, before disclosure of any protected material is made to any person, as described in subparagraph 6(a)(ii), (iii), (v) or (vi), such person shall sign the form attached hereto as Exhibit A to confirm:

    (i)    that the signatory has read, understands, and will abide by the terms of this Order;

    (ii)    that the signatory will not use nor will the signatory disclose the protected document or the information contained therein to any person not authorized by this paragraph to receive disclosure or use the protected document or information for any purpose other than the conduct of this litigation; and

    (iii)    that the signatory understands that unauthorized disclosure of the protected documents may constitute contempt of Court, and the signatory must agree to submit to personal jurisdiction of this Court for purposes of enforcing the terms of the Protective Order.

The statements so obtained shall be deemed work product, and the party who obtains them shall retain them during the course of this litigation; provided, however, that such statements shall be subject to production in any action or proceeding to enforce the terms of this agreement or to punish any violation of this agreement.

1. <u>Declassification</u>. Should any party object to the designation of material as confidential, counsel for the objecting party may challenge the designation by letter to counsel for the party or person making the designation. If the challenged material is not declassified or

reclassified in writing with ten (10) business days thereafter, counsel for the party objecting to the designation may apply to the Court, for good cause shown, for a ruling that the material (or category of material) designated confidential is not entitled to such status and protection. The party or other person that designated the material as protected shall be given notice of the application and an opportunity to respond. The party seeking de-classification shall bear the burden of proof to demonstrate to the Court that de-classification is proper.

2. <u>Confidential Information in Depositions</u>.

   (a) A deponent may during the deposition be shown, and examined about, confidential documents if the provisions of paragraph 6 are complied with. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about protected documents or information.

   (b) Parties, interested third parties and deponents may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential to the extent they contain material entitled to protection. Such protected information within the deposition transcript may be designated only by underlining the portions of the pages that are confidential and marking such pages with the appropriate legend. Until the expiration of the 30-day period during which designations may be made by parties and non-parties, the entire deposition will be treated as subject to protection as highly confidential under this Order. If a designation is made, the protected portions and exhibits when filed shall be filed under seal, separate from the portions and exhibits not so marked. If

confidential material entitled to protection is included in answers to interrogatories, such interrogatory answers shall be marked with the appropriate legend and separately bound.

9. <u>Inadvertent Failure to Designate</u>. Inadvertent failure to designate documents or other material as "CONFIDENTIAL" at the time of production or disclosure shall not operate to waive a party's right to later designate such documents or material as protected. Any designation of documents or other material as confidential after initial production of such documents or other material shall be made within fifteen (15) days of the first use of such document in this litigation or else is waived; provided, however, that no party shall be held in breach of this Stipulated Order if, prior to notification of such later designation, such material or information has been disclosed or used in a manner inconsistent with such later designation. Once such a designation has been made, however, the relevant documents or material shall be treated as confidential in accordance with this Order.

10. <u>Filing of Confidential Information</u>. Any documents designated confidential, or interrogatory answers or portions of deposition transcript duly marked as confidential, if filed with the Court, or briefs or other documents filed with the Court that make use of confidential documents or information shall be separately filed under seal in an envelope marked with the title (or a general description) of its contents and the legend: "Filed Under Seal Pursuant to Confidentiality Order," together with the appropriate legend, "CONFIDENTIAL". If filed under seal, the filing shall remain under seal unless otherwise ordered by this Court.

11. <u>Confidential at Trial</u>. Subject to the Federal Rules of Evidence and such additional protections as the Court may by order impose, protected documents and other protected

material may be offered in evidence at trial or any court hearing. Any party or person may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

12. <u>Further Requests for Protection</u>.  If, at any time, any confidential documents or information in the possession, custody or control of any person other than the person who originally produced such protected material is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the party to whom the subpoena or request is directed shall immediately provide written notice to the person who originally produced such protected material, and the party to whom the subpoena or request is directed shall not take an adverse position to the party or parties opposing the request for production of such material.

13. <u>Computer-Related Information</u>.  As used in this Order, "Computer-Related Information" means electronic data or information stored on any media.  It shall be the obligation of counsel for the party receiving confidential information to identify, mark and treat all copies, extracts, forensic copies and summaries of same which is computer-related information, as defined above, as confidential consistently with the original designation. As it relates to the forensic imaging of Computer-Related Information, the parties will take reasonable precautions to ensure that no data or information is lost, modified or destroyed during the forensic imaging process or thereafter, and the entity performing the forensic imaging process will take reasonable precautions to ensure that the media on which the Computer-Related Information is stored (e.g., computer hardware) is not damaged.

14. <u>Modifications Permitted</u>.  Nothing in this Order shall prevent any party or other person from seeking modification of this Order with reasonable notice to any party or non-party having designated information as confidential.

15. <u>Responsibility of Attorneys</u>.  The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of protected documents.  No copies of confidential information shall be made except by or at the direction of counsel for the parties.

16. <u>Additional Parties</u>.  The terms of this Order shall be binding upon all current and future parties to this action and their counsel.

17. <u>Non-Parties</u>.  Any third party producing documents in this litigation may avail themselves of the protected treatment provided for in this Order for their documents or information by following the procedures provided herein.

18. <u>No Waiver</u>.  By agreeing to produce documents pursuant to this Order no party or person waives any contractual and/or intellectual property rights to the information provided.

19. <u>Non-termination</u>.  The provisions of this Order shall not terminate at the conclusion of this action, which is defined as (1) the filing of a stipulated dismissal or entry of voluntary dismissal, (2) a final, non-appealable order disposing of this case, or (3) the expiration of the time for an appeal.  At the conclusion of this action, each document and/or thing previously designated as confidential information, and all copies thereof, including extracts and summaries, shall be destroyed by the party in possession of said information, by counsel for each party and by all other persons to whom disclosure of such information has been made; provided, however, that outside counsel for the parties

may retain their pleading files. The Court shall retain continuing jurisdiction to enforce the terms of this Order.

DATED at Denver, Colorado, this 26th day of September, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| /s/ Dan S. Cross | /s/ Allan R. Parr |
| Dan S. Cross | Allan R. Parr |
| The Overton Law Firm | Wulrich & Parr |
| 1080 Kalamath St. | 600 17th Street, Suite 2800 South |
| Denver, CO  80204 | Denver, CO  80202 |
| 303.302.2737 | 303.623.5900 |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS PRODUCED

I understand that certain documents produced during discovery in this litigation have been marked "confidential" and are subject to a protective order entered by the United States District Court for the District of Colorado. In the event that such protected materials are made available to me so that I can discharge essential functions, I hereby certify as follows:

1. I have read the Stipulated Order Regarding Confidential Documents. I understand the Order and will abide by its terms.

2. I will not use nor will I disclose any protected document or the information contained therein to any person not authorized by the Order to receive disclosure nor will I disclose any protected document or information for any use other than reasonably necessary in the conduct of this litigation.

3. I understand that the unauthorized disclosure of protected documents may constitute contempt of court, and I hereby agree to submit to the personal jurisdiction of this Court for the purposes of enforcing the terms of the Protective Order.

DATED: _____.

_____

STATE OF _____     )
                                          )ss.
COUNTY OF _____     )

       SUBSCRIBED AND SWORN TO BEFORE ME on this _____ day of _____, 200\_\_, by _____.

_____
                                          Notary Public

                                          My Commission Expires: _____